

# Fourth Court of Appeals
## San Antonio, Texas

August 10, 2021

No. 04-21-00304-CR

Florencio **PALOMARES**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 19-2567-CR-C
Honorable William D. Old III, Judge Presiding

# O R D E R

Appellant Florencio Palomares, Jr. entered into a plea bargain with the State pursuant to which he pleaded guilty to aggravated assault. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant filed a notice of appeal, and the district clerk filed a copy of the clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement. *See id.* R. 25.2(d). We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*.

Here, the clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the appellant, and appellant's notice of appeal explicitly acknowledges this is the case. *See id.* R. 25.2(a)(2). The clerk's record does not reflect the trial court gave permission to appeal or that appellant's specific appeal is expressly authorized by statute. *Id.* While appellant's notice of appeal indicates he wishes to appeal "matters that were raised by written motion filed and ruled on before trial," the clerk's record shows the only matters raised by written motion filed before trial are: (1) a motion to release appellant and set reasonable bail; (2) a motion to reduce bond; (3) a motion in limine; (4) a "comprehensive request for notice of intention to introduce evidence"; (5) a motion for discovery and disclosure of exculpatory, mitigating, or inconsistent evidence; (6) a "comprehensive motion for discovery"; (7) a motion requesting disclosure of expert witnesses; (8) a motion for discovery of punishment evidence; (9) a motion for the judge

to assess punishment; and (10) a motion to redact portions of appellant's recorded statement to law enforcement. While the record shows the trial court denied appellant's motion to reduce bond, any appeal of that ruling was rendered moot by appellant's subsequent conviction. *See Armendarez v. State*, 798 S.W.2d 291, 291 (Tex. Crim. App. 1990). Moreover, the record does not show the trial court ever ruled on appellant's other pretrial motions. *See* Tex. R. App. P. 25.2(a)(2). As a result, the record appear to support the trial court's certification that appellant does not have a right to appeal. *See id.*; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Accordingly, appellant is given notice that this appeal will be dismissed pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure unless an amended certification showing that appellant has the right to appeal is made part of the appellate record **by September 9, 2021**. *See* Tex. R. App. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

We **ORDER** all appellate deadlines suspended until further order of the court. We further **ORDER** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of August, 2021.



_____
MICHAEL A. CRUZ, Clerk of Court